IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARCIE D. MOORE,**

    **Plaintiff,**

  v.                                                                    Civil Action 2:21-cv-1317
                                                                       Judge James L. Graham
                                                                       Magistrate Judge Jolson

**DEUTSCHE BANK NATIONAL
TRUST COMPANY, et al.,**

    **Defendants.**

## ORDER

      This matter is before the Court on Defendant/Third-Party Plaintiff Altisource's Motion to Compel Discovery. (Doc. 47). Altisource served interrogatories, requests for production, and requests for admission on Plaintiff Marcie D. Moore on June 15, 2021. (*Id.* at 5–16). The Federal Rules of Civil Procedure dictate that these should all receive responses within thirty days, unless otherwise stipulated to by the parties or ordered by the Court. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3). Yet, Altisource represents that Plaintiff failed to respond by the appropriate deadline, July 15, 2021. (Doc. 47 at 2). Accordingly, bearing in mind the meet-and-confer provisions of both the Federal and Local Rules, Altisource sent correspondence to Plaintiff's counsel regarding production on July 26, 2021. (*Id.* at 2, 22).

      Shortly thereafter, the Court granted a motion to withdraw by Plaintiff's counsel and stayed discovery, ordering Plaintiff to inform the Court within twenty-one days whether she intended to obtain new counsel or proceed *pro se*. (Doc. 34). Because Plaintiff failed to inform the Court either way, the stay on discovery was lifted and Plaintiff was presumed to be proceeding *pro se*. (Doc. 44). Once the stay was lifted, Altisource sent correspondence to Plaintiff, on October 1 and October 19, 2021, without reply. (Doc. 47 at 23–24). Now, Altisource seeks an order, under

Federal Rule of Civil Procedure 37, compelling Plaintiff to respond to interrogatories and requests for production.  (*Id.* at 1).  It also asks the Court to deem the requests for admission as admitted, under Federal Rule of Civil Procedure 36.  (*Id.*).

The Court agrees that Plaintiff has clearly violated the deadlines set out in the Federal Rules.  Further, her unwillingness to correspond with opposing counsel suggests judicial intervention is necessary.  Rule 37 permits the Court to compel discovery responses to interrogatories and requests for production.  Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv).  Rule 36 states that requests for admission will be considered admitted when they are not responded to in a timely fashion, though the Court may order a shorter or longer response time.  Fed. R. Civ. P. 36(a)(3).  Because *pro se* litigants should generally be afforded leniency, the Court elects to extend Plaintiff's response time for the requests to admission in conjunction with the interrogatories and requests for production, rather than treat them as admitted at this stage.  Accordingly, Altisource's Motion (Doc. 47) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff is **ORDERED** to respond to Altisource's interrogatories, requests for production, and requests for admission **on or before November 12, 2021**.

Finally, the Court notes that Plaintiff has recently failed to correspond with both the Court and an opposing party.  Plaintiff is advised that should she fail to comply with this Order compelling production, this case may be dismissed for want of prosecution.

IT IS SO ORDERED.

Date: October 29, 2021  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE