IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARCIE D. MOORE,**

    **Plaintiff,**

v.                                   Civil Action 2:21-cv-1317

                                    Magistrate Judge Jolson

**DEUTSCHE BANK NATIONAL
TRUST COMPANY, et al.,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendant/Third-Party Plaintiff Altisource's Motion to Dismiss for Lack of Prosecution (Doc. 49) and Third-Party Plaintiff A2Z Field Services, LLC's Motion for Default Judgment (Doc. 46). For the following reasons, the Motion to Dismiss (Doc. 49) is **GRANTED**, and the Motion for Default Judgment (Doc. 46) is **DENIED as moot**.

**I.**      **BACKGROUND**

On March 30, 2021, Plaintiff filed a Complaint alleging that Defendant Altisource, acting under the direction of Defendant Deutsche Bank National Trust Company, entered her property and "took possession of [her personal] property, removed it from the premises and converted [the property] to its use." (Doc. 2, ¶ 3–4). As a result of this conversion, Plaintiff says, she suffered damages in excess of $25,000. (*Id.*, ¶ 5). Both Defendants filed timely answers (Docs. 5, 6), and Altisource brought a third-party complaint against A2Z Field Services, LLC ("A2Z"). (Doc. 11).

Altisource alleged it contracted with A2Z "as a field vendor to fulfill work orders it received." (*Id.*, ¶ 10). If Altisource was found liable to Plaintiff, it argued A2Z was liable for indemnification and contribution. (*Id.*, ¶¶ 16–17). Similarly, A2Z answered (Doc. 27), and brought a third-party complaint against Empire Inspections & Remediation, LLC ("Empire") (Doc.

36). A2Z alleged that it "sub-contracted those work orders to Empire to perform the work at the Property[,]" and that it was entitled to indemnification and contribution from Empire. (*Id.*, ¶¶ 15, 22–23). Empire failed to answer, and the Clerk entered a default against it. (Doc. 45). Shortly thereafter, A2Z moved for default judgment against Empire. (Doc. 46).

On August 4, 2021, Plaintiff's counsel moved to withdraw from representation. (Doc. 28). Through affidavits submitted to the Court for *in camera* review (*see* Doc. 32), Plaintiff's attorneys represented that repeated attempts to contact Plaintiff during discovery had been unsuccessful. Accordingly, the Court granted their motion to withdraw, stayed discovery, and gave Plaintiff twenty-one days to inform the Court whether she intended to obtain new counsel or proceed *pro se*. (Doc. 34). When she failed to respond to that Order, the Court presumed she would proceed *pro se* and lifted the stay on discovery. (Doc. 44).

Still, Plaintiff continued to be unresponsive, and Altisource moved to compel Plaintiff's responses to its interrogatories, requests for admission, and requests for production. (Doc. 47). The Court granted that motion, giving Plaintiff until November 12, 2021, to respond to Altisource, and warning that failure to comply with the Order may result in the case being dismissed for want of prosecution. (Doc. 48). Now, after Plaintiff let the Court's deadline elapse without compliance, Altisource has filed a Motion to Dismiss for Lack of Prosecution. (Doc. 49). The Motion received no response from Plaintiff and is ripe for consideration.

## II.    STANDARD

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Federal Rule of Civil Procedure 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal

district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### III. DISCUSSION

The Court finds Plaintiff has abandoned this action, and dismissal under Rule 41 is appropriate. The factors set forth in *Schafer* support dismissal.

First, despite being afforded multiple opportunities to participate in the progress of this case, Plaintiff has remained silent. Plaintiff failed to meet the first deadline to respond to Altisource's interrogatories, requests for admission, and requests for production on July 15, 2021. (Doc. 47 at 22). Shortly thereafter, the Court granted the motion by Plaintiff's counsel to withdraw, based on the attorneys' representations that she refused to communicate with them. (Doc. 34). Plaintiff then failed to respond to the Court regarding her future representation, leaving the Court

3

to presume she would proceed *pro se* and reopen discovery. (Doc. 44). Altisource sent correspondence to Plaintiff requesting her discovery responses on October 1 and October 19, 2021. (Doc. 47 at 23–24). When she again failed to respond, Altisource filed a motion to compel (Doc. 47), which the Court granted (Doc. 48). Plaintiff again failed to respond. (Doc. 49). The absence of any communication from Plaintiff indicates she has "a reckless disregard for the effect of h[er] conduct on [the Court's] proceedings[,]" due to willfulness, bad faith, or fault. *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Second, a defendant is prejudiced whenever it has "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Id.* at 737 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Here, given Plaintiff's prolonged absence, Defendants have been unable to conduct any discovery nor has Plaintiff responded to Altisource's Motion to Dismiss.

Finally, the third and fourth factors also weigh in favor of dismissal. The Court warned Plaintiff that failure to comply with its orders may result in a recommendation that his case be dismissed. (*See* Doc. 48). "Additionally, the Court has considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's continued failure to participate in these proceedings." *Grange Mut. Cas. Co. v, Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In sum, Plaintiff has acted willfully and in bad faith despite warning, and Defendants have suffered clear prejudice because of her conduct. Because lesser sanctions would be futile— because Plaintiff refuses to communicate with the Court or comply with its orders—dismissal of this action is appropriate. *See Lee v. Glaxosmithkline*, LLC, No. 2:12–cv–02393, 2014 WL

4

691192, at *2 (W.D. Tenn. Feb. 21, 2014) (dismissing for failure to prosecute because plaintiff had "failed to comply with several orders of the Court including . . . to respond to an Order to Show Cause"). Accordingly, the Court **DISMISSES** Plaintiff's case for failure to prosecute pursuant to Rule 41.

Finally, the Court considers A2Z's Motion for Default Judgment (Doc. 46) against Empire. The third-party complaints in this case sought only contribution and indemnification—and were therefore derivative from Plaintiff's cause of action. Because Plaintiff's case has now been dismissed, entering judgment on contribution or indemnification would be moot. Accordingly, the Motion for Default Judgment is **DENIED as moot**.

### IV. CONCLUSION

For the foregoing reasons, Altisource's Motion to Dismiss (Doc. 49) is **GRANTED** and the Court **DISMISSES** Plaintiff's case for failure to prosecute. A2Z Field Services, LLC's Motion for Default Judgment (Doc. 46) is **DENIED as moot**. The Clerk is **DIRECTED** to **TERMINATE** this case.

IT IS SO ORDERED.

Date: December 20, 2021  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

5